FLORIDA MORTG. & INV. CO., Limited, v. FINLAYSON et al.

(Circuit Court, S. D. Florida.   February 24, 1896.)

EQUITY PLEADING—IMPERTINENCE.

Passages in a defendant's answer to a bill in equity, which, without alleging any facts which do not appear in the bill, or denying any allegations of the bill, consist merely of argument as to the effect of facts, already apparent in the bill, as amounting or not amounting to notice or to laches, and as to the legal rights of the defendant under state statutes, are impertinent, and, upon exception thereto, will be stricken out.

This was a suit in equity, brought in the United States circuit court for the Southern district of Florida by the Florida Mortgage & Investment Company, Limited, a corporation organized and existing under the laws of the kingdom of Great Britain, against Daniel A. Finlayson, as administrator of the estate of A. Florida Finlayson, deceased, and against Daniel A. Finlayson in his own right, for the removal of a cloud from title. The bill of complaint alleges that complainant was seised in fee of 800 acres of land, therein described, situated in the county of Hernando, and state of Florida, all of said lands being wild and unoccupied, and no one in actual possession thereof; that complainant derived title thereto from one J. Hamilton Gillespie, whose title was based on a deed executed to him by a master in chancery, dated April 23, 1889, under a final decree and sale in a foreclosure suit instituted by complain-

ant against Virginia H. Tucker and James F. Tucker, her husband; said Gillespie taking said master's deed in his own name, but as agent for complainant. Said bill further recites that at the time said mortgage was executed to it by said Tucker, to wit, on July 25, 1885, the public records of said Hernando county showed that the said Virginia H. Tucker was seised in fee of said lands, the title thereto having been in the name of her father, W. J. Bailey, who departed this life in Jefferson county, Fla., in 1872, seised of said lands; that on or about the 30th day of December, 1882, all the heirs at law of the said Bailey executed good and sufficient deeds to each other to the different tracts of land owned by the said Bailey at the time of his death, by one of which said deeds the title to the lands in question was vested in the said Virginia H. Tucker; that at the time of the execution of said mortgage, and at the date of said final decree, and up to the date of the institution of this suit the public records of said Hernando county showed no incumbrance or cloud on the title to said lands; that in June, 1895, the defendant, as administrator as aforesaid, obtained from the circuit court of Jefferson county, Fla., a writ of execution issued upon the order of said court upon scire facias proceedings to revive a certain judgment recovered by the said A. Florida Finlayson in her lifetime on the 6th day of September, 1875, in said court, against James F. Tucker, as administrator of the estate of W. J. Bailey, deceased, and after certain proceedings had thereon in said county of Jefferson the said execution was sent to the sheriff of said Hernando county, and under the instructions of defendant was levied upon about 7,500 acres of land in said county as the property of said Bailey at the time of his death, in which was embraced complainant's land, and said land was advertised and sold under said execution, and sheriff's deed executed thereto to defendant in his own right; that no transcript of said judgment was ever filed in Hernando county, and that complainant had no knowledge or notice of the existence of said judgment until said levy was made; that the laws of the state of Florida have at all times since the recovery of said judgment provided a method by which lands belonging to the estate of a deceased person situated in counties other than that where said estate was being administered could be proceeded against and sold to satisfy the indebtedness of said estate; that the method so prescribed is the only one by which lands so situated could be sold for the payment of such debts; that said method was not followed by defendant; that for a period of nearly 20 years after the recovery of said judgment no effort was made by the judgment creditor or her representatives, as complainant is informed and believes, to obtain the satisfaction of same out of the personal and real property belonging to the estate of said Bailey in said county of Jefferson, where said judgment was so recovered, although the amount of said judgment could have been realized within any reasonable time after its recovery, said estate having been at all times solvent, and having plenty of property, both real and personal, in said Jefferson county, out of which it could have been satisfied; that no execution ever issued thereon until June, 1895; that by reason of said delay and inaction on the part of both decedent and her representative they have been guilty of gross laches and neglect, which deprives the said defendant of all recourse against the lands of complainant for payment of said judgment, if such recourse could have ever been had. The bill prays that said levy of said execution on complainant's land and all proceedings had thereon, including the sheriff's deed, may be declared illegal and void, and the cloud on title occasioned thereby removed. The defendants answered the bill, and complainant filed three exceptions to certain paragraphs thereof, the language of which was as follows, on the ground of impertinence: "But defendant avers that no such record was requisite or necessary to give validity to the proceedings had under said judgment and execution. And the defendant denies the allegation in complainant's bill that it had no knowledge or notice of the existence of any claim or judgment of A. Florida Finlayson against the estate of William J. Bailey, deceased, until the levy of the said execution upon the lands described in said bill and the publication of the notice of the sale thereof, but, on the contrary, the defendant is informed and believes, and therefore alleges, that the complainant or its agent or attorney who passed upon the title to said lands, before the mortgage from Virginia F. Tuck-

er and James F. Tucker, her husband, to complainant was executed, was advised of the existence of said claim and judgment; that the records of Hernando county showed that the title to the lands described in complainant's bill was vested in William J. Bailey, and by dealing with his heirs as the owners of said lands, and accepting a mortgage thereon from Virginia F. Tucker, one of said heirs, and James F. Tucker, her husband, who was then administrator of the estate of William J. Bailey, the complainant was put upon notice of the death of said William J. Bailey, and upon notice that the property owned by William J. Bailey at the time of his death was subject and liable for the payment of his debts, and that the heirs held said lands from their ancestor subject and liable to.the payment of any of his debts then outstanding and unsatisfied; and with this knowledge and notice, to put the complainant upon inquiry, it was incumbent upon the complainant to ascertain if any debts of said William J. Bailey remained outstanding and unpaid, and by the exercise of that reasonable and proper diligence required of the complainant under the circumstances it could have been easily informed from the public records of the county in which said William J. Bailey died, and where his estate was under the law being administered, of the claim and judgment aforesaid, and of the condition of the estate of said William J. Bailey, deceased. And the complainant cannot now claim any benefit from its own negligence, and from its failure to exercise reasonable and proper diligence, but should be left by a court of equity in the position it has voluntarily put itself by taking the chances that these lands would not be subjected to the payment of any debts of William J. Bailey, deceased." "Second. Defendant avers that the method alleged and set forth in complainant's bill of subjecting lands of decedents lying in different counties to the payment of debts is available only for administrators and executors of such decedents, and he denies that said method so prescribed is the only method 'by which lands so situated could be sold for the payment of such debts'; but, on the contrary, defendant avers that under the laws of the state of Florida real estate and personal property of a decedent are equally liable to levy and sale under an execution upon any judgment against the administrator or executor of such decedent. And that the method pursued in subjecting the lands of said William J. Bailey, deceased, to the payment of the judgment of A. Florida Finlayson, deceased, was in pursuance of, and expressly authorized by, the statutes of the state of Florida in such cases provided, and in obedience to and by virtue of the judgments and orders of a court of competent jurisdiction." "Third. And, further answering, defendant says that he denies that he, as administrator of the estate of A. Florida Finlayson, deceased, or that said A. Florida Finlayson in her lifetime, was guilty of such laches and neglect in the enforcement of the said judgment against the estate of William J. Bailey, deceased, as deprived this defendant, as administrator as aforesaid, of all recourse against the lands described in complainant's bill for the payment of said judgment; but, on the contrary, this defendant avers that the claim of said A. Florida Finlayson against the estate of said William J. Bailey, deceased, was duly and legally presented to the administrator thereof immediately upon his appointment, and was sued to judgment against said administrator within two months after the date of his appointment; that said suit has been a pending proceeding in the circuit court in and for Jefferson county since the institution of the same, and said judgment has remained unsatisfied, and the administration of the estate of said William J. Bailey has never been finished, nor the administrator discharged, and said estate is still opened and unsettled; that during the life of said judgment, and before action on the same was barred at law, this defendant, as administrator of the estate of A. Florida Finlayson, deceased, by scire facias proceedings continued the prosecution of the action commenced by said A. Florida Finlayson in her lifetime against James F. Tucker, as administrator of the estate of William J. Bailey, deceased, in the said circuit court of the Second judicial circuit of Florida in and for Jefferson county, and by the consideration and judgment of said court execution was awarded upon said judgment before rendered by said court in said action, to be levied on the goods and chattels, lands and tenements of which said William J. Bailey died seised or possessed; that the execution so awarded and issued upon the said judgment was levied first

upon all the lands in Jefferson county, Florida, of which said William J Bailey died seised, and said lands were sold by the sheriff of Jefferson county, and the proceeds of the sale thereof duly credited upon said execution; that after the proper application of all the proceeds of such sale there still remained a large amount due upon said execution; that said execution was afterwards sent to the sheriff of Hernando county, and by him levied upon certain lands there situate of which said William J. Bailey died seised, including the lands described in complainant's bill, and the same was sold and conveyed to this defendant in his own right as herein aforesaid." The case came on for a hearing on said exceptions.

T. M. Shackleford and N. B. K. Pettingill, for complainant.
Thomas L. Clarke, for defendant.

LOCKE, District Judge. The allegation of the answer to which the first exception is taken alleges no fact, but is simply an argument as to what might be, under the law, presumptive notice. It is true that there is an allegation of denial, but the subsequent language shows conclusively that such denial is not a denial of fact, but a denial that the law of the case would not compel the presumption of notice. The exception should be sustained.

The portion of the answer excepted to by the second exception is solely and entirely confined to arguing a point of law, and the exception should be sustained.

The subject-matter of the answer to which the third exception is taken is the laches of the defendant. The bill had stated the date of the judgment and the date of the issue of the execution under it, and alleges laches. The answer stated no new facts, but simply alleged that the execution was sued out during the life of the judgment, and before it was barred at law. This was already apparent by the statements of the bill, and I cannot consider that this was any answer to the allegation of laches. It gives no reason why the judgment was not enforced before, and only alleges what necessarily appears to be claimed as an inference of law,—that, since the judgment was not barred at law, there could have been no laches. There is no allegation in the answer of the insufficiency of personal property to pay the debts of the estate at the time of obtaining the judgment, or any other matter which would, outside of the existence of the judgment and its life, which fully appeared in the bill, excuse or explain away such delay as is alleged in the bill, and which is claimed to be laches. No facts were alleged which did not appear in the bill, or which could assist the court in arriving at a conclusion as to whether or not there was laches; and it cannot be held to be an answer to the allegations of the bill, as it, in its allegations, coincides with them. The exceptions should be sustained.